UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

CHARLES GANSKE,

                Plaintiff,

    -against-

LOUISE DAPHNE MENSCH,                 Case No.: 1:19-cv-06943 - RA

                Defendant.

------------------------------------------------------------------------X

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT

                Adam Stein, Esq.
                COZEN O'CONNOR
                45 Broadway, 16th Floor
                New York, New York 10006
                Tel: 212-453-3728
                *Attorneys for Defendant,*
Of Counsel:             *Louise Daphne Mensch*
Adam I. Stein, Esq.
Farrell J. Miller, Esq.

# **TABLE OF CONTENTS**

                                                                                                                                                **Page**

**PRELIMINARY STATEMENT**……………………………………………………..1

    **I.**      **PLAINTIFF MISSTATES THE STANDARD OF REVIEW**………………….2

    **II.**     **PLAINTIFF'S NON-DEFAMATION TORT CLAIM DOES NOT PROVIDE A SECOND BASIS FOR RELIEF**…………………...…………4

**CONCLUSION**………………………………………………………………………..5

# **TABLE OF AUTHORITIES**

**Cases**

5 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE §§1245, 1357 (3d ed. 2004) .................................................................................................................. 1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)………………………………………………………3

*Balderman v. Am. Broad. Cos., Inc.,* 292 A.D.2d 67, 76 (N.Y. App. Div. 4th Dep't 2002) ........... 4

*Biro v. Conde Nast*, 883 F. Supp. 2d 441, 457 (S.D.N.Y. 2012) ..................................................... 2

*Cohen* v. *Cowles Media Co.,* 501 U.S. 663, 671 (1991) .................................................................. 4

*Condit v. Dunne*, 317 F. Supp. 2d 344, 356, 357-58 (S.D.N.Y 2004) ........................................... 2

*Henneberry v. Sumitomo Corp. of Am.*, 04-cv-2128, 2005 WL 991772 at *15 (S.D.N.Y. Apr. 27, 2005) ........................................................................................................................................ 2

*Jain* v. *Sees. Indus, and Fin. Mkts. Ass'n,* No. 08-cv-6463, 2009 WL 3166684, at *9-10 (S.D.N.Y. 2009) ....................................................................................................................... 4

*Steinhilber* v. *Alphonse,* 68 N.Y.2d 283, 290 (1986) ..................................................................... 2

*Twombly*, 550 U.S. at 555 ............................................................................................................... 3

**Other Citations--Statutes:**

Fed. R. Civ. P.12(b)(6)……………………………………………………………………………1

Defendant submits this memorandum in further support of her motion, pursuant to Fed. R. Civ. P. 12 (b)(6) for an order dismissing Plaintiff's Complaint, together with the costs of this motion, disbursements and such other and further relief as the Court deems just and proper.

## PRELIMINARY STATEMENT

Plaintiff's Opposition to Defendant's Motion to Dismiss (ECF No. 25, "Opposition" or "Opp."), consisting of pasted conclusory allegations from his Complaint and rudimentary statements of law regarding the legal standard governing a motion to dismiss under Fed. R. Civ. P 12(b)(6), requires little in way of response. The reason why even this short reply is required lies not in any recondite misunderstanding on Plaintiff's part of what the standard of review generally is – that in considering a motion to dismiss "a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff" – but rather Plaintiff's rote reliance on that standard as a means of dodging dismissal of what truly is a legally frivolous case. Given the First Amendment implications of libel and slander actions, and consequent desire "to discourage what some believe to be all too frequently vexatious litigation" in this area, it has been observed that defamation is "one significant exception to the general rule that the complaint will be construed liberally." 5 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE §§ 1245, 1357 (3d ed. 2004). Plaintiff's singular reliance on the safe harbor of the "taken as true" standard as a means of furthering his desire "to punish" Ms. Mensch, is precisely the sort of censorious opportunism the exception is intended to address.

Plaintiff compounds his pleading failure by having literally nothing to say to address or rebut any of the arguments or legal authorities cited in Defendant's memorandum or why, even taking the Complaint's few relevant factual averments as true, those same authorities do not require dismissal of the Complaint. Unchallenged in any way are multiple decisions establishing that

1

loose, hyperbolic language of the sort complained of here is not actionable (Def. Mem. at 13-15); that statements on unmoderated internet forums are presumptively opinion and therefore constitutionally protected speech (Def. Mem. at 15-17); that "a speaker who outlines the factual basis for her opinion [as Defendant did] is protected by the First Amendment" (Def. Mem. 17-18); and that no cause of action for implied defamation is, or can be, stated (Def. Mem at 18-19). The authorities establishing each of these separately dispositive points are set forth at length in Defendant's opening submission and will not be repeated here. Suffice to say, no amount of cherry-picking of non-contextual, generalized statements of law, conclusory allegations of fact or formulaic recitations of a cause of action's elements can alter the fact that Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed.

## I.     PLAINTIFF MISSTATES THE STANDARD OF REVIEW

On a motion to dismiss, courts must assess the alleged defamatory statement "on the basis of what the average person hearing or reading the communication would take [the statement] to mean." *Steinhilber* v. *Alphonse,* 68 N.Y.2d 283, 290 (1986); *Biro v. Conde Nast*, 883 F. Supp. 2d 441, 457 (S.D.N.Y. 2012 ("challenged statements are not to be read in isolation, but must be perused as the average reader would against the 'whole apparent scope and intent' of the writing"); *see also Henneberry v. Sumitomo Corp. of Am.*, 04-cv-2128, 2005 WL 991772 at *15 (S.D.N.Y. Apr. 27, 2005 ("At this stage of the proceeding … the Court's task is clear: Determine whether the statements at issue are 'reasonably susceptible of a defamatory connotation.'"). Plaintiff's attempt to limit this Court's review solely to the few factual allegations asserted in the Complaint and to decide Defendant's motion isolated from context clearly violates this standard and should be rejected.

In addition, it is important to note that, although the Court initially is limited to the factual allegations within the Complaint when considering context, "when plaintiff chooses not to attach to the complaint or incorporate by reference a document … which is integral to the complaint, the court may also take that document into consideration." *Condit v. Dunne*, 317 F. Supp. 2d 344, 356, 357-58 (S.D.N.Y 2004) (court has broad discretion to consider materials beyond the four corners of the complaint in order to place the allegedly defamatory materials within the appropriate context).[1] To that end, the Court should note that Plaintiff has pointed to nothing to suggest that Defendant's contextual, evidentially-supported record of the relevant tweets is incorrect and has provided no facts to substantiate in any way his groundless assertion that "Defendant intentionally fabricated the 'Russian bots' story out of whole cloth." Opp. at 11.[2] Having failed utterly to meet his burden of "pleading factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), Plaintiff's Complaint should be dismissed. The fact that Defendant has provided detailed contemporaneous proof of the basis of her opinion in the form of the linked Conspirator0 data (*see* Def. Mem. at 1, 6, 8, 17-18), makes Plaintiff's continued misplaced reliance on conclusory, unsubstantiated allegations even more glaring.[3]

---

[1] *See* Def. Mem at 12 for a fuller discussion of the forms of extrinsic evidence the Court may consider on this motion.

[2] Plaintiff similarly has provided no facts to support his assortment of other conclusory assertions as argued and/or in his Complaint, including (1) that "[d]iscovery is obviously necessary to resolve this matter" – it is not; (2) that "Defendant knew that her characterization of Plaintiff would immediately create reputational risk for AP"; (3) that Defendant "deliberately tagged Plaintiff's employer, '@APCentral' in order to … get Plaintiff fired"; (4) that Plaintiff's termination was 'because of Mensch's tweets;" and 5 that "[e]ach of the statements published about Plaintiff is defamatory per se because each statement tends to injure Plaintiff in his trade or business." Opp. at 2, 5, 7, and 10.

[3] Further evidence of Plaintiff's failure to allege actual facts probative of actual misconduct on Defendant's part, is Plaintiff's citation to the alleged conduct ***of another defendant in another of his lawyer, Mr. Biss' cases*** as "evidence" of misbehavior by Ms. Mensch here. *See* Opp. at 12 (citing as evidence of Ms. Mensch's "actual malice" that "Defendants (sic.) failed to investigate known and obvious facts, such as whether the Virginia State Bar was coming after Plaintiff."). Plaintiff, of course, is not a lawyer in Virginia or anyplace else and his counsels careless cutting and pasting of irrelevant material from an unrelated case and misplaced advocacy of those "facts" as a basis for denying Defendant's motion opprobrium-worthy.

## II. PLAINTIFF'S NON-DEFAMATION TORT CLAIM DOES NOT PROVIDE A SECOND BASIS FOR RELIEF

Plaintiff argues that he should be permitted to pursue his non-defamation tortious interference with contract claim based purely on a rote recitation of the cause of action's elements, all of which, he argues, are "alleged." Opp. at 13. Putting aside the well-settled rule that "formulaic recitation of the elements of a cause of action will not do" for purposes of surviving a motion to dismiss, *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555), the import of which Plaintiff ignores, Plaintiff also ignores the equally settled rule precluding recovery by an alternative tort, for injury to reputation when the limitations of the First Amendment preclude the defamation claim. *See* generally Def. Mem. at 19-20. In Count II of his Complaint, Plaintiff seeks relief arising from Mensch's purported "intentionally interfere[ing] with Ganske's contract … by *inter alia* devising … and actively participating in the scheme to defame and injure Ganske" and that as a "direct and proximate result of Mensch's interference, Ganske suffered damage … including … damage to reputation, prestige and standing…". Compl. ¶30-31. These are paradigms of defamation and do not allege any separate economic injury, a point which Plaintiff fatally fails to address.

Moreover, even if the Complaint could be read to allege injuries distinct from reputational harm, Plaintiff's tortious interference count must nevertheless be dismissed. *See* Def. Mem at 19-21; *Jain* v. *Sees. Indus, and Fin. Mkts. Ass'n,* No. 08-cv-6463, 2009 WL 3166684, at *9-10 (S.D.N.Y. 2009) (holding that when "the entire injury complained of by plaintiff flows from the effect on his reputation," any duplicative tort claims are subsumed by the defamation claim.); *Cohen* v. *Cowles Media Co.,* 501 U.S. 663, 671 (1991) (plaintiff cannot recover by an alternative tort for injury to reputation when the limitations of the First Amendment are fatal to defamation claim); *Balderman v. Am. Broad. Cos., Inc.,* 292 A.D.2d 67, 76 (N.Y. App. Div. 4th Dep't 2002

("Regardless of the label plaintiff places upon it … [the] cause of action is indistinguishable from the defamation cause of action."). Unchallenged as these authorities are, Plaintiff's duplicative tortious interference claim should be dismissed.

Plaintiff similarly fails to address any of the other pleading deficiencies regarding his tortious interference Count discussed in Defendant's opening submission (Def. Mem. at 21-24), all of which stand unmentioned in his single page opposition to dismissal of the Complaint's interference with contract claim. Having failed to respond to any of these pleading inadequacies, Count II of the Complaint should be dismissed for these previously argued reasons as well.

## CONCLUSION

Defendant Mensch respectfully requests that this Court grant her judgment dismissing each of Plaintiff's claims, and issue an order in her favor dismissing Plaintiff's Complaint in its entirety, with prejudice, together with the costs of this motion, disbursements and such other and further relief as the Court deems just and proper.

Dated: New York, New York  
      January 10, 2020

Respectfully submitted,

**COZEN O'CONNOR**

By  _/s/ Adam I. Stein_  
    Adam I. Stein  
    Attorneys for Defendant Louise Mensch  
    45 Broadway  
    New York, New York 10004-3792  
    (212) 453-3428  
    adamstein@cozen.com

Of Counsel:  
Adam I Stein  
Farrell J. Miller